UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAO GABRIEL PINTO,<br><br>  Plaintiff,<br><br>  v.<br><br>SQUAW VALLEY RESORT, LLC,<br><br>  Defendant. | No. 2:17-cv-02281-MCE-CKD<br><br>**ORDER** |

Through the present action, Plaintiff Joao Gabriel Pinto ("Plaintiff") pursues nine causes of action, including a Private Attorneys General Act of 2004 ("PAGA") claim, arising out of his employment with Defendant Squaw Valley Resort, LLC ("Defendant"). During the course of his employment, however, according to Defendant's evidence, Plaintiff signed a Dispute Resolution Agreement ("DRA") agreeing to arbitrate on an individual basis claims against Defendant arising from his employment or the termination of his employment.  Unlike some such agreements, the DRA in this case also included an opt-out provision allowing Plaintiff thirty (30) days in which he could opt out of the arbitration agreement with no consequence to his employment.  Defendant now seeks an order compelling arbitration in accordance with the Agreement's provisions. Defendant further requests that the Court dismiss Plaintiff's putative class claims and stay the remainder of the action pending the conclusion of arbitration.  For the reasons

1

set forth below, Defendant's Motion to Compel Arbitration and Stay this Action (ECF No. 9) is GRANTED.[1]

**ANALYSIS**

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements involving interstate commerce. 9 U.S.C. § 2. The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement. 9 U.S.C. § 4. Valid arbitration agreements must be "rigorously enforced" given the strong federal policy in favor of enforcing arbitration agreements. Perry v. Thomas, 482 U.S. 483, 489-90 (1987) (citation omitted). To that end, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in the original).

The Supreme Court has repeatedly recognized the strong national policy favoring arbitration. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-25 (1991) (FAA's "purpose was …. to place arbitration agreements upon the same footing as other contracts," and recognizing a "liberal federal policy favoring arbitration agreements"); Shearson/Am. Express Inc. v. McMahon, 482 U.S. 220, 226 (1987) (FAA "establishes a 'federal policy favoring arbitration,' . . . requiring that we rigorously enforce agreements to arbitrate.'" (citations omitted); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) (federal policy of FAA is one which guarantees the enforcement of private contractual arrangements).

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

Given this policy, it is clear that a court is obligated to liberally interpret and enforce arbitration agreements and to do so "with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Significantly, too, any doubts concerning arbitrability should be resolved in favor of arbitration: Mitsubishi Motors Corp., 473 U.S. at 624 n.13 (noting that the appellate court "properly resolved any doubts of arbitrability"): see also Hodsdon v. Bright House Networks, LLC, 2013 WL 1499486 at *2 (E.D. Cal. Apr. 11, 2013) ("Because there is a presumption in favor of arbitration, the Court is required to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration.").

In determining the validity of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996).

There is no dispute that the arbitration agreement on which Defendant relies extends to the bulk of Plaintiff's instant claims. Instead, Plaintiff argues that: (1) he was incapacitated at the time the agreement was signed and could not voluntarily agree to arbitration; (2) even if an agreement was formed, it was unconscionable; and (3) the PAGA claims for both penalties and wages are not subject to the arbitration provisions. None of these arguments are persuasive.

First, Plaintiff offers no evidence that he was legally unable to contract at the time the agreement was signed. Instead, he argues that he had suffered a head injury several months prior and had subsequently undergone chemotherapy for an unrelated illness, such that he should not even have been working when the agreement was signed in October 2013, let alone entering into a contract. There are several flaws in this argument, not the least of which is the fact that his doctor had released him to return to work at that time with no limitations. Plaintiff provides no evidence to contradict his treating physician's statements aside from his self-serving assertions that in retrospect, he believes he should not have been working. Plaintiff also contends he does not

remember signing the agreement.  But nothing in the law requires a party to remember having contracted for the agreement to be valid.  Nor was the employer required to explain the details of the contract to Plaintiff or to force him to read it.  Plaintiff admits that the signature on the DRA is his, and Defendant has submitted a declaration signed under penalty of perjury by Brittany Clelan, Defendant's Vice President of Human Resources, testifying that she was present at the October 2013 meeting where Plaintiff and the other year-round employees were presented with the DRA along with other documents, including wage and hour policies.  Having reviewed all of the evidence submitted by the parties, the Court concludes the DRA is a valid agreement between Plaintiff and Defendant.

Second, Plaintiff has not shown that the DRA is unconscionable.  The California Supreme Court has held that an arbitration agreement may be unconscionable unless it includes basic procedural and remedial protections so that a claimant can effectively pursue his or her rights.  Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (2000). According to the Armendariz court, a valid employment arbitration agreement must 1) provide for a neutral arbitrator; 2) provide for more than minimal discovery; 3) require a written award; 4) provide for all of the types of relief that would otherwise be available in court; and 5) not require employees to pay either unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum.  Id. at 102.  As set forth in Plaintiff's Motion, the DRA in this case meets each of these requirements.  See Mot. at 8.  In addition, there was specifically no procedural unconscionability since the DRA is a clear stand-alone document written in plain English and since it specifically permits employees 30 days in which to opt out of its provisions with no negative consequences.  Nor has Plaintiff identified any provisions that render the agreement substantively unconscionable.

Finally, while Plaintiff's claim for PAGA penalties is not subject to arbitration, his PAGA wage claim is covered by the DRA.  Accordingly, Plaintiff's PAGA claim for unpaid wages must be submitted to arbitration.  See Esparza v. KS Indus., L.P.,

13 Cal. App. 5th 1228, 1245 (2017) (citing Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 388 (2014)); accord Mandviwala v. Five Star Quality Care, Inc., 723 F. Appx. 415, 417 (9th Cir. 2018). The Court will stay resolution of Plaintiff's claim for penalties pending completion of arbitration.

## CONCLUSION

For the reasons just stated, Defendant's Motion to Compel Arbitration and to Stay the Case (ECF No. 23) is GRANTED. With the exception of Plaintiff's claim for civil penalties pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 et seq., this entire matter shall be submitted to final and binding arbitration on an individualized basis pursuant to the terms of the Dispute Resolution Agreement that Plaintiff agreed to.

Plaintiff's putative class claims are dismissed.

This matter shall be stayed in its entirety until completion of the arbitration of Plaintiff's claims.

Not later than sixty (60) days following the date this Order is electronically filed, and every sixty (60) days thereafter until arbitration is completed, the parties are directed to file a joint status report advising the Court as to the status of the arbitration proceedings.

IT IS SO ORDERED.

Dated: October 30, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE